# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

FREDDIE DONNELL ROSS, #355092                         PETITIONER

VERSUS                                      Case No.: 1:12cv87HSO-JMR

SHERIFF MELVIN BRISOLARA                              RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Respondent's Motion to Dismiss [12] the petition for Writ of *Habeas Corpus* filed in this case. Having considered the submissions of the parties, the entire record in this matter, and applicable law, the undersigned recommends that the Motion to Dismiss [12] should be granted and that petitioner's Petition for Writ of *Habeas Corpus* [1] should be dismissed with prejudice.

## BACKGROUND

On January 19, 2012, Petitioner was sentenced to a term of 180 days after he pled guilty to willfully failing to pay fine in the Municipal Court of Gulfport, Mississippi. [12, Exh. A.] On February 10, 2012, Petitioner was convicted in the Municipal Court of Gulfport, Mississippi of committing a disturbance in a public place and public drunk and was sentenced to terms of 30 days and 10 days, for each respective offense, to be served consecutively. [12, Exhs. B & C.] Petitioner filed a petition in this Court on March 19, 2012, seeking relief under 28 U.S.C. § 1983, when Ross actually sought relief under 28 U.S.C. § 2254. [1] This Court provided Petitioner with the proper form for a petition under 28 U.S.C. § 2254. [1, 7] The Court ordered Ross to submit the proper form for the relief sought, and Ross filed his corrected petition for relief under § 2254 on April 17, 2012. [9] Respondents assert that the petition should be dismissed because Ross failed to exhaust state remedies and has procedurally defaulted his right

to pursue those remedies by failing to file a notice of appeal within the 30 day period provided by state law. [12, p. 3]

## DISCUSSION

As an initial matter, exhaustion of state remedies is a mandatory prerequisite to federal *habeas* relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or,
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Ross must first present his claims to the highest state court in a procedurally proper manner so that it is given a fair opportunity to consider and pass upon challenges to a conviction, before those issues come to federal court for *habeas corpus* review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). This is so because state courts, "like federal courts, are obliged to enforce federal law." *O'Sullivan,* 526 U.S. at 844. Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000). As noted *supra*, Petitioner has not appealed his convictions. Thus, petitioner has not "give[n] the state courts one full opportunity to resolve any constitutional issues [through] the State's established appellate review process." *O'Sullivan,* 526 U.S. at 840-41, 844-45, 847-48.

Additionally, as the time for filing a notice of appeal in the Circuit Court has past, petitioner no longer has the ability to exhaust his state remedies. Petitioner's failure to timely file a notice of appeal results in a procedural default of these federal *habeas* claims and a bar to their review by this Court. *See O'Sullivan,* 526 U.S. at 848 (holding that failure to present claim to state's highest court in timely manner results in procedural default of those claims); *see also Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen . . . state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.")

When a *habeas* claim is procedurally barred, it may be considered on the merits by a federal court under two narrow exceptions: "cause and actual prejudice" or "fundamental miscarriage of justice." *See Bagwell v. Dretke,* 372 F.3d 748, 755 (5th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004); *see also Coleman v. Thompson,* 501 U.S. 722, 750 (1991) (making this rule "explicit"). To prove cause sufficient to excuse default, Ross must establish that some external impediment prevented him from raising the defaulted claims: "'Cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753. Ross provided no explanation whatsoever for his failure to exhaust this claim. As petitioner has failed to show cause, this court "need not consider whether there is actual prejudice." *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). In addition, Ross cannot establish that failure of this court to consider any of his claims would result in a "fundamental miscarriage of justice." The fundamental miscarriage of justice exception is even more limited than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (*citing Ward v.*

*Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To meet this exception, Ross must offer "new, reliable evidence that was not presented at trial" and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence."*Id.* (citations omitted); *see also Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Ross has not provided this court with any new evidence that was not presented at trial, nor has he claimed "actual innocence." Accordingly, Petitioner's *habeas* claims are procedurally barred. For these reasons, the Court recommends that Respondent's Motion to Dismiss should be **GRANTED** and Petitioner's action should be dismissed as procedurally barred.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party who objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation, or by no later than August 7, 2012, file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415,

1428-29 (5th Cir. 1996), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

 Signed, this the  ___th day of July, 2012.

            /s/    John M. Roper  

            CHIEF UNITED STATES MAGISTRATE JUDGE